EXHIBIT A
NO JS-6

MICHAEL H. WEISS (State Bar No. 110148)
mweiss@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

JAMES B. BALDINGER (Florida Bar No. 869899)
jbaldinger@carltonfields.com
(admitted *pro hac vice*)
STACEY K. SUTTON (Florida Bar No. 289530)
ssutton@carltonfields.com
(admitted *pro hac vice*)
GAIL PODOLSKY (Georgia Bar No.14021)
gpodolsky@carltonfields.com
(admitted *pro hac vice*)
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

Attorneys for Plaintiff T-Mobile USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WIRELESS RUSH, INC., a California Corporation; SEAN GOLSHANI, individually; WORLD WIRELESS TRADE GROUP d/b/a MR. WIRELESS, INC., a California corporation; SHANNON PERO, individually; JESSE BACHSIAN, YANIV RAEZ, individually, JOHN DOES 1-10; XYZ COMPANIES 1-10<br><br>    Defendants. | Case No. CV-11-07001-MMM-(AGRx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS WORLD WIRELESS TRADE GROUP d/b/a MR. WIRELESS, INC., SHANNON PERO, and JESSE BACHSIAN** |

---

Final Judgment and Permanent Injunction Against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian

1

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian (collectively, the "Defendants"), alleging that Defendants are engaged in, and knowingly facilitate and encourage others to engage in the unlawful bulk purchase, computer hacking, and trafficking in T-Mobile-branded Subscriber Identity Module ("SIM") cards that have been improperly loaded with stolen airtime, trafficking in and/or using the confidential and proprietary T-Mobile codes that are required to access T-Mobile's proprietary activation system and wireless telecommunications network, selling methods and processes to defraud T-Mobile, and illegally accessing T-Mobile's computers for the purpose of defrauding T-Mobile. Plaintiff further alleges that this is part of a larger scheme involving the unauthorized and unlawful bulk purchase, trafficking, advertising, and resale of T-Mobile Prepaid Handsets, including the resale of Handsets to buyers in foreign countries, unauthorized and unlawful computer unlocking of T-Mobile Prepaid Handsets, alteration of proprietary software computer codes installed in the Handsets to permit T-Mobile to subsidize the cost of the Handset, and trafficking of the Handsets and SIM cards for profit (collectively, the "Subsidy Theft and Activation Fraud Scheme").

Defendants and their co-conspirators perpetrate the Subsidy Theft and Activation Fraud Scheme by acquiring large quantities of T-Mobile Prepaid Handsets including SIM cards, from retail stores, and by soliciting others ("Runners") to purchase T-Mobile Prepaid Handsets with SIM cards in large quantities. The T-Mobile Prepaid Handsets are then removed from their original packaging, along with the accessories, including copies of the written warranties and ownership manuals, and the Handsets are shipped, unlocked or to be unlocked, and the accompanying activation materials, including but not limited to SIM cards, are resold by Defendants and their co-conspirators at a substantial profit. The T-Mobile Prepaid Handsets are

Final Judgment and Permanent Injunction Against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian

2

acquired with the knowledge and intent that they will not be activated for use on the T-Mobile prepaid wireless network, as required by the terms of the T-Mobile contracts. Instead, the T-Mobile Prepaid Handsets are computer-hacked. The purpose of this hacking, known as "unlocking," is to erase, remove, and/or disable the proprietary software installed in the Handsets by the manufacturers at the request and expense of T-Mobile, which enables the use of the T-Mobile Prepaid Handsets exclusively on T-Mobile's prepaid wireless system. The illegally unlocked Handsets are trafficked and resold as new by Defendant and his co-conspirators, at a premium, under the T-Mobile trademarks and the SIM cards are sold fraudulently activated or to be fraudulently activated on the T-Mobile network.

Defendants and their co-conspirators use confidential and proprietary materials to illegally access T-Mobile's secure computers to fraudulently activate SIM cards on T-Mobile's wireless telecommunications network. Defendants and their co-conspirators then traffic in the illegally-acquired airtime, the confidential and proprietary activation materials, and the methods and processes to defraud T-Mobile.

As a result of the Defendants' active participation in the Subsidy Theft and Activation Fraud Scheme, T-Mobile brought claims against Defendants for breach of contract; trademark infringement and false advertising; contributory trademark infringement; trafficking in computer passwords; unauthorized access with intent to defraud; theft of computer data; unauthorized access; common law fraud; unjust enrichment; conversion; violation of California Anti-Phishing Act of 2005; false advertising in violation of California Business & Professional Code §17500; unfair competition in violation of California Business & Profession Code §17200; harm to T-Mobile's goodwill and business reputation; tortious interference with business relationships and prospective advantage; civil conspiracy; and conspiracy to induce breach of contract. Based on the respective positions advocated by the parties and

Final Judgment and Permanent Injunction Against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian

3

having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1.   This Court has jurisdiction over all the parties and all of the claims set forth in T-Mobile's Complaint.

2.   The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"), as depicted below:

**T· ·Mobile·**

T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services. T-Mobile alleges that Defendants' use of the T-Mobile Marks without authorization in connection with the Subsidy Theft and Activation Fraud Scheme has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of the counterfeit products, and the relationship between T-Mobile and Defendants. T-Mobile alleges that Defendants' activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B). T-Mobile alleges that Defendants knew or should have known that T-Mobile is the exclusive licensee of the T-Mobile Marks and that Defendants had no legal right to use the T-Mobile Marks on infringing products.

3.   The Court finds that the conduct set forth in the Complaint constitutes violations of 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct constitutes breach of contract; contributory trademark infringement; trafficking in computer

Final Judgment and Permanent Injunction Against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian

4

passwords; unauthorized access with intent to defraud; theft of computer data; unauthorized access; common law fraud; unjust enrichment; conversion; violation of California Anti-Phishing Act of 2005; false advertising in violation of California Business & Professional Code §17500; unfair competition in violation of California Business & Profession Code §17200; harm to T-Mobile's goodwill and business reputation; tortious interference with business relationships and prospective advantage; civil conspiracy; and conspiracy to induce breach of contract, and has caused substantial and irreparable harm to T-Mobile, and will continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

4. T-Mobile has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct that far exceeds the $5,000 aggregate annual damages under the Computer Fraud and Abuse Act. On review and consideration of all relevant factors, T-Mobile is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

5. Final judgment is hereby entered against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian, jointly and severally, and in favor of the Plaintiff T-Mobile USA, Inc., on all of the claims set forth in T-Mobile's Complaint in the principal amount of Three Million Dollars and Zero Cents ($3,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

6. Defendants Shannon Pero and Jesse Bachsian, and their respective partners, agents, representatives, employees, servants, heirs, personal representatives, beneficiaries, relatives, contractors, companies, corporations; and each and all of Defendant World Wireless Trade Group d/b/a Mr. Wireless, Inc.'s past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, respective agents, and employees; and all other persons acting on behalf of or for

the benefit of any Defendant or who are in active concert or participation with any Defendant, including but not limited to any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with a Defendant or a Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, providing, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any T-Mobile "Activation Materials," which consist of SIM cards, PIN numbers, activation and proprietary codes, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with an activation on the T-Mobile network;

    b. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any T-Mobile Handsets.

    c. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Activation Materials or T-Mobile mobile device that Defendants know or should know bears any T-Mobile marks or any marks likely to cause confusion with the T-Mobile marks, or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future;

    d. accessing, directly or indirectly, personally or through an agent or associate, any of T-Mobile's internal computers or computer systems;

Final Judgment and Permanent Injunction Against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian

6

e. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Handset;

f. supplying T-Mobile Activation Materials or Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in selling SIM cards, Activation Materials, and/or methods or processes to defraud T-Mobile or are unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Handsets;

g. supplying T-Mobile Activation Materials or Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of T-Mobile Activation Materials or Handsets; and

h. knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, or that is likely to cause confusion with T-Mobile's marks, without T-Mobile's prior written authorization.

The purchase, sale, trafficking, use, or shipment of any T-Mobile Handsets, SIM cards, or Activation Materials without T-Mobile's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

8. The address of World Wireless Trade Group d/b/a Mr. Wireless, Inc. is 7325 Atoll Avenue, North Hollywood, California 91605.

10. The address of Jesse Bachsian is 7325 Atoll Avenue, North Hollywood, California 91605.

11. The address of Shannon Pero is 4222 Vanetta Drive, Studio City, California 91604.

13. The address of Plaintiff T-Mobile USA, Inc., is 12920 S.E. 38th Street, Bellevue, Washington 98006.

14. Defendants waive their right of appeal from the entry of this Final Judgment.

15. The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to T-Mobile in an amount of $5,000 for each T-Mobile Prepaid Handset or item of Activation Material that a Defendant is found to have purchased, sold, advertised, activated, used, provided or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate T-Mobile for its losses in the event any Defendant violates the terms of this Order.

16. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian as set forth herein.

17. The case shall remain open with respect to the other Defendants, namely, Wireless Rush, Inc. and Sean Golshani.

DONE AND ORDERED, this 1st day of May, 2012.

*Margaret M. Morrow*
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

---

Final Judgment and Permanent Injunction Against Defendants World Wireless Trade Group d/b/a Mr. Wireless, Inc., Shannon Pero, and Jesse Bachsian

8