1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation, | Case No. CV-11-07001 MMM-(AGRx) |
| Plaintiff, | **Final Judgment and Permanent Injunction** |
| v. | |
| WIRELESS RUSH, INC., a California Corporation, *et al.*, | |
| Defendants. | |

23371011.1                                        1

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against Defendants Wireless Rush, Inc. and Sean Golshani ("Defendants"), alleging that Defendants are engaged in, and knowingly facilitate and encourage others to engage in the unlawful bulk purchase, computer hacking, and trafficking in T-Mobile-branded Subscriber Identity Module ("SIM") cards that have been improperly loaded with stolen airtime, trafficking in and/or using the confidential and proprietary T-Mobile codes that are required to access T-Mobile's proprietary activation system and wireless telecommunications network, selling methods and processes to defraud T-Mobile, and illegally accessing T-Mobile's computers for the purpose of defrauding T-Mobile.  Plaintiff further alleges that this is part of a larger scheme involving the unauthorized and unlawful bulk purchase, trafficking, advertising, and resale of T-Mobile Prepaid Handsets, including the resale of Handsets to buyers in foreign countries, unauthorized and unlawful computer unlocking of T-Mobile Prepaid Handsets, alteration of proprietary software computer codes installed in the Handsets to permit T-Mobile to subsidize the cost of the Handset, and trafficking of the Handsets and SIM cards for profit (collectively, the "Subsidy Theft and Activation Fraud Scheme").

T-Mobile alleges that the Subsidy Theft and Activation Fraud Scheme involves the acquisition of large quantities of T-Mobile Prepaid Handsets including SIM cards, from retail stores, and the solicitation of  individuals ("Runners") to purchase T-Mobile Prepaid Handsets with SIM cards in large quantities.  The T-Mobile Prepaid Handsets are then removed from their original packaging, along with the accessories, including copies of the written warranties and ownership manuals, and the Handsets are shipped, unlocked or to be unlocked, and the accompanying activation materials, including but not limited to SIM cards, are allegedly resold by Defendants at a substantial profit.  The T-Mobile Prepaid Handsets are acquired with the knowledge and intent that they will not be activated for use on the T-Mobile prepaid wireless

23371011.1                                          2

network, as required by the terms of the T-Mobile contracts.  Instead, T-Mobile alleges that the T-Mobile Prepaid Handsets are computer-hacked and that the purpose of this hacking, known as "unlocking," is to erase, remove, and/or disable the proprietary software installed in the Handsets by the manufacturers at the request and expense of T-Mobile, which enables the use of the T-Mobile Prepaid Handsets exclusively on T-Mobile's prepaid wireless system.  The unlocked Handsets are trafficked and resold by Defendants, at a premium, under the T-Mobile trademarks. T-Mobile alleges that the SIM cards are sold for use in connection with fraudulent activations on the T-Mobile network.

As a result of the Defendants' alleged active participation in the Subsidy Theft and Activation Fraud Scheme, T-Mobile brought claims against Defendants for breach of contract, federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., common law fraud, unjust enrichment, conversion, violation of California Anti-Phishing Act of 2005, false advertising in violation of California Business & Professions Code §17500, unfair competition in violation of California Business & Professions Code §17200, harm to T-Mobile's goodwill and business reputation, tortious interference with business relationships and prospective advantage, civil conspiracy, and conspiracy to induce breach of contract.

Based on the respective positions of the parties and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

1.    This Court has jurisdiction over all the parties and all of the claims set forth in T-Mobile's Complaint.

2.      The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"), as depicted below:



T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services.  T-Mobile alleges that Defendants' use of the T-Mobile Marks without authorization in connection with the Subsidy Theft and Activation Fraud Scheme has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of the counterfeit products, and the relationship between T-Mobile and Defendants.  T-Mobile alleges that Defendants' activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).  T-Mobile alleges that Defendants knew or should have known that T-Mobile is the exclusive licensee of the T-Mobile Marks and that Defendants had no legal right to use the T-Mobile Marks on infringing products.

3.      The Court finds that Defendant Wireless Rush's conduct constitutes violations of 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising).  The Court further finds that Defendant Wireless Rush's conduct constitutes breach of contract, contributory trademark infringement, unjust enrichment, false advertising in violation of California Business & Professions Code §17500, unfair competition in violation of California Business & Professions Code §17200, harm to T-Mobile's goodwill and business reputation, and has caused substantial and irreparable harm to T-Mobile, and will continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

4.      Final judgment is hereby entered against Defendant Wireless Rush, Inc. and in favor of the Plaintiff T-Mobile USA, Inc., in the principal amount of One Million Dollars and Zero Cents ($1,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

5.      Defendants Wireless Rush, Inc. and Sean Golshani, and each of their respective partners, agents, representatives, employees, servants, heirs, personal representatives, beneficiaries, relatives, contractors, corporations, past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, and all other persons acting on behalf of or for the benefit of any Defendant or who are in active concert or participation with any Defendant, including but not limited to any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with a Defendant or a Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

      a.      purchasing, selling, providing, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any T-Mobile "Activation Materials," which consist of SIM cards, PIN numbers, activation and proprietary codes, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with an activation on the T-Mobile network;

      b.      purchasing, selling, unlocking, reflashing, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any T-Mobile Handsets.

c.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Activation Materials or T-Mobile mobile device that Defendants know or should know bears any T-Mobile marks or any marks likely to cause confusion with the T-Mobile marks, or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future;

d.    accessing, directly or indirectly, personally or through an agent or associate, any of T-Mobile's internal computers or computer systems;

e.    accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Handset;

f.    supplying T-Mobile Activation Materials or Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in selling SIM cards, Activation Materials, and/or methods or processes to defraud T-Mobile or are unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Handsets;

g.    supplying T-Mobile Activation Materials or Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of T-Mobile Activation Materials or Handsets; and

23371011.1

6

h.      knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, or that is likely to cause confusion with T-Mobile's marks, without T-Mobile's prior written consent.

6.      The purchase, sale, trafficking, use, or shipment of any T-Mobile Handsets, SIM cards, or Activation Materials without T-Mobile's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

7.      The address of Defendants Wireless Rush, Inc. and Sean Golshani is 3380 Livonia Avenue, Los Angeles, California  90034.

8.      The address of Plaintiff, T-Mobile USA, Inc., is 12920 S.E. 38th Street, Bellevue, Washington  98006.

9.      Defendants waive their right of appeal from the entry of this Final Judgment.

10.     The Court retains jurisdiction over this matter and the parties to this action to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages.  The Court also retains jurisdiction to enter a subsequent Judgment for damages against Defendant Sean Golshani.

11.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered as set forth herein.

23371011.1

1        12.   This Final Judgment and Permanent Injunction does not affect the

2    remaining Defendants in this case, namely, World Wireless Trade Group d/b/a Mr.

3    Wireless, Inc., Jesse Bachsian, and Shannon Pero.

4

5        Date:  May 23, 2012

6

7

8    _____
     **MARGARET M. MORROW**

9    **UNITED STATES DISTRICT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28